ELIZABETH A. HOLLOWAY, ET AL., PLAINTIFFS-APPEL-LANTS, v. TOWNSHIP OF PENNSAUKEN. ET AL., DE-FENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 10, 1952—Decided December 3, 1952.

Before Judges EASTWOOD, PROCTOR and FRANCIS.

*Mr. W. Louis Bossle* argued the cause for plaintiffs-appellants.

*Mr. Thomas F. Salter* argued the cause for defendant-respondent.

The opinion of the court was delivered by

FRANCIS, J. C. C. The complaint in this matter in lieu of *certiorari* was filed on October 4, 1951. By it appellants, individual property owners, attack the validity of assessments made by the respondent Township of Pennsauken against their lands. The assessments were for special benefits received by reason of a local improvement, namely, the construction of certain sanitary sewers and a sewage pumping station.

The report of the board of assessment commissioners, fixing the individual assessments, was confirmed by the governing body of the township on December 29, 1950. No appeal was taken therefrom to the Law Division of the Superior Court under *R. S.* 40:56-54. This proceeding in lieu of prerogative writ was brought ten months and six days after the confirmation. Defendants moved to dismiss the action primarily because of the failure of the plaintiffs, (1) to appeal under the statute referred to within 30 days after the confirmation of the assessment, (2) to institute the proceeding in lieu of *certiorari* within 30 days from the confirmation of the assessment as required by *L.* 1948, *c.* 381 (*N. J. S. A.* 2:80-7), or by *Rule* 3:81-15(*b*) (5), and (3) because plaintiffs were in laches.

Affidavits were submitted by the parties and considered by the court on the argument of the motion, and the matter seems to have been treated as a motion for summary judgment. *Cf. Rule* 3:12-2. In any event, the trial court dismissed the action on the three grounds set forth, without specifying any decisive individual ground. The property owners appeal.

*R. S.* 40:56-54 provides so far as pertinent here:

"* * * the owner of any property assessed for benefits * * * may within thirty days after confirmation of such assessment * * * appeal from the same to the circuit court of the county wherein such municipality is located by serving written notice of such appeal within such thirty days upon the tax collector * * *.

\*     \*     \*     \*     \*     \*     \*     \*

"The court * * * on the hearing thereof, shall determine whether or not the assessment * * * is a just and fair assessment * * *."

It is conceded that no such notice was served or appeal taken. However, appellants urge that the statute is inapplicable and that their remedy is by proceeding in lieu of *certiorari*.

There can be no question that under the Constitution of 1947 the jurisdiction of the Circuit Court in the respect covered by *R. S.* 40:56–54 passed to the Law Division of the Superior Court. *Article XI, sec. IV, par.* 3. Nor can it be disputed that the statute, even though procedural in scope, remained in force after the effective date of the new charter and until superseded by rule of the Supreme Court. *Article XI, Sec. I, par.* 3. It is not suggested that any such rule has as yet been promulgated.

The basis for the contention that the appeal statute could be ignored is that the assessments are being attacked on constitutional grounds and that traditionally the remedy in this event is by proceeding in lieu of prerogative writ.

[ It is true that the right to *certiorari* has been recognized even though the statutory appeal was not pursued, where property owners were denied a hearing on the assessment (*Breakenridge and Tichenor v. Newark*, 95 *N. J. L.* 436 (*E. & A.* 1921)), or where the assessment commissioners were legally disqualified to act (*Becker v. Borough of Garwood*, 96 *N. J. L.* 327 (*Sup. Ct.* 1921)), or where no notice was given of the intended adoption of the improvement ordinance (*Groel v. Newark*, 78 *N. J. L.* 142 (*Sup. Ct.* 1909); *Walsh v. Newark*, 78 *N. J. L.* 168 (*Sup. Ct.* 1909)), or of the filing of the commissioners' report (*State, Evans, pros. v. North Bergen*, 39 *N. J. L.* 456 (*Sup. Ct.* 1877)), or of the confirmation hearing before the governing body (*Pardee v. Perth Amboy*, 57 *N. J. L.* 106 (*Sup. Ct.* 1894)). However, it is established also that *certiorari* would not lie if the ground urged for setting aside the assessment was

some irregularity in the proceedings, or an undue or excessive amount of assessment, or a mistake in the manner of making the assessments. *State, etc. v. Elizabeth,* 50 *N. J. L.* 347 *(Sup. Ct.* 1888); *Graham v. Ocean City,* 98 *N. J. L.* 426 *(Sup. Ct.* 1923); *Delaware River Bridge, etc., Committee v. Township Committee of Haddon Township,* 5 *N. J. Misc.* 210 *(Sup. Ct.* 1927); *De Marmon v. Roselle,* 8 *N. J. Misc.* 904 *(Sup. Ct.* 1930); *Boyd Really Co. v. Mayor, etc., Leonia,* 10 *N. J. Misc.* 332 *(Sup. Ct.* 1932).

The existence of these precedents makes necessary an examination of the charges of illegality which are levelled against the assessments in dispute. They are: (1) that the assessments resulted from the use of an improper mathematical formula for determining the benefits received by the individual parcels of land; (2) that certain municipally and privately owned lands, which were benefited, should have been included in the calculation of the assessments; (3) the assessments exact double payment from the land owners because certain portions of the whole improvement which were constructed some years before the sewer system was completed so as to be usable, were included in the general tax burden imposed upon all residents of the township, and (4) certain lands should have been excluded from assessment because of particular covenants in a deed running from the township as grantor to a predecessor in title of some of the appellants.

None of these grounds justifies appellants in failing to undertake the legislatively provided review by appeal. This is especially true where all of the appellants concede due and proper notice of all of the proceedings, including those relating to the confirmation of the assessments.

The conclusion we have reached as to the necessity for taking the appeal makes it unnecessary to consider the effect of the failure to seek the timely review by complaint in lieu of *certiorari* under *Rule* 3:81–15(b)(5), or under *R. S.* 40:56–40, or the charge of laches.

The judgment is affirmed.